Name: Melissa A. Weinberger (SBN 238432)
Address: 515 South Flower Street, Suite 3500
City, State, Zip: Los Angeles, CA 90071
Phone: 213-867-6350
Fax: 213-673-1386
E-Mail: mel@melweinberger.com

☐ FPD  ☐ Appointed  ☒ CJA  ☐ Pro Per  ☐ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF(S),<br><br>v.<br><br>ARBI SETAGHAIAN SANGBARANI,<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>22-cr-00360-AB<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _Arbi Setaghaian Sangbarani_ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☒ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☒ Sentence imposed:
   120 months custody and 3 years supervised release
☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _May 14, 2024_. Entered on the docket in this action on _May 15, 2024_.

A copy of said judgment or order is attached hereto.

May 27, 2024                              Melissa A. Weinberger
Date                                      Signature
                                          ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

**United States District Court**
**Central District of California**

JS-3

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**   CR 22-00360-AB |
| **Defendant**   Arbi Setaghaian Sangbarani | **Social Security No.**  0  3  3  1 |
| akas:   Arbi Setaghaian; Arbi Setaghaian Sangbarany | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 05 | 14 | 2024 |

**COUNSEL**   Melissa A Weinberger, CJA Appointment, and Julia Leonardo
(Name of Counsel)

**PLEA**   ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.   ☐ NOLO CONTENDERE   ☒ NOT GUILTY

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and MDMA in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A), as charged in Count 1 of the Indictment; Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h), as charged in Count 2 of the Indictment; Laundering Money Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i), as charged in Count 3 of the Indictment; and Laundering Money Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i), as charged in Count 4 of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Arbi Setaghaian Sangbarani, is hereby committed on Counts 1, 2, 3, and 4 of the Indictment to the custody of the Bureau of Prisons for a term of one hundred twenty (120) months. This term consists of 120 months on Counts 1, 2, 3, and 4, all to be served concurrently.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years. This term consists of 3 years on Count 1 and three years on each of Counts 2, 3, and 4, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall not commit any violation of local, state, or federal law or ordinance.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

4. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

5. The defendant shall cooperate in the collection of a DNA sample from the defendant.

6. The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation & Pretrial Services Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office located at: the 300 N. Los Angeles Street, Suite 1300, Los Angeles, CA 90012-3323.

7. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or

| USA vs. | Arbi Setaghaian Sangbarani | Docket No.: | CR 22-00360-AB |
|---|---|---|---|

8. other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

8. The defendant shall be limited to maintaining no more than one virtual currency wallet, and that one wallet shall be used for all virtual currency transactions. The defendant shall not obtain or open any virtual currency wallets/accounts without prior approval of the Probation Officer. All virtual currency transactions, along with any virtual currency wallet Extended Public Keys (XPUB), shall be disclosed to the Probation Officer upon request. The defendant shall be limited to only using and possessing open public blockchain virtual currencies and restricted from using privacy-based blockchain virtual currencies, unless prior approval is obtained from the Probation Officer.

9. The defendant shall comply with the Internal Revenue Service's reporting requirements as they pertain to virtual currencies and shall provide proof of having done so to the Probation Officer.

10. The defendant shall not use any software program or device designed to hide, alter, or delete information relating to his computer use, Internet activities or the files stored on his assigned computers. This includes the use of encryption, steganography, file erasing, file shredding, secure file deletion, and cache/cookie removal software without prior written approval from the United States Probation Office.

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons at or before 12 noon, on July 12, 2024. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the First Street U.S. Courthouse 350 W. First Street, Suite 3001, Los Angeles, CA 90012.

Defendant informed of his right to appeal.

Bond is exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| May 15, 2024 | | |
|---|---|---|
| Date | | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| May 15, 2024 | By | C. Badirian |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. | Arbi Setaghaian Sangbarani | Docket No.: | CR 22-00360-AB |
|---|---|---|---|

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| | | | |
|---|---|---|---|
| USA vs. | Arbi Setaghaian Sangbarani | Docket No.: | CR 22-00360-AB |

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| | |
|---|---|
| USA vs. Arbi Setaghaian Sangbarani | Docket No.: CR 22-00360-AB |

# RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By  _____
Date                    Deputy Marshal

# CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By  _____
Filed Date              Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                    _____
          Defendant                                    Date

_____                                        _____
U. S. Probation Officer/Designated Witness             Date